DOLPHUS HUNTER v. THE STATE.

No. 13365.   Delivered May 21, 1930.
Rehearing denied June 11, 1930.
Reported in 28 S. W. (2d) 1086.

The opinion states the case.

*D. L. Harry* of Jacksonville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction ·is for selling intoxicating liquor, punishment four years in the penitentiary.

The charge was that appellant sold intoxicating liquor to Lawrence Ethridge.   Testimony from this witness was positive as to the purchase of whisky from appellant which was strongly supported by the evidence of two other witnesses.   Appellant denied the transaction; he filed application for suspended sentence and testified that he was twenty-three years of age.

The only bill of exception in the record complains at the overruling of the motion for new trial based on alleged misconduct of the jury.   The motion for new trial was overruled on September 6th and ninety days granted for filing statement of facts and bills of exception.   This time expired on December 5th.   The bill was not filed until January 6th, being a month too late.   It appears that within the ninety day period the trial judge undertook to grant a thirty day additional extension.   This he had no authority to do. Art. 760 C. C. P., Subdivision 5; Retza v. State, 95 Tex. Cr. R. 491, 255 S. W. 423; Naranjo v. State, 96 Tex. Cr. R. 649, 259 S. W. 938; Simpson v. State, 110 Tex. Cr. R. 399, 10 S. W. (2d)

567. The evidence heard on the motion is before us in a separate statement of facts which we had examined before noticing that the bill was filed too late. If the question was properly before us we observe nothing which in our opinion would have entitled appellant to a new trial.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court can not grant a rehearing and reverse a case for alleged misconduct of the jury,—when the only bill of exception presenting the complaint of such misconduct was filed a month after the time fixed by statute, within which such bill should be filed. This court can not set aside rules of procedure made by the legislature, even though in some instances the enforcement of such rules might appear to bring about results apparently inequitable. We must give effect to the law as written. The plain statute of this State requires every person who wishes to complain of rulings of the court in which he is tried, to take his bill of exception, which bill of exception must be filed within a time prescribed. Appellant not having complied with the statute, we are powerless to do otherwise than to overrule his motion for rehearing, which is accordingly done.

*Overruled.*